**PAPA GINO'S OF AMERICA, INC. and Ralph J. Guarino, Trustee of the 71 Summer Street Realty Trust**

v.

**Anthony V. TAURASI, Jr., Marie-Louise Kehoe, George R. Hoell and Richard C. Nota, Individually.**

**Civ. A. No. 83–3605–Z.**

United States District Court, D. Massachusetts.

Sept. 14, 1984.

Evan T. Lawson, Howard J. Wayne, Peter M. Malaguti, Lawson & Wayne, Boston, Mass., for plaintiffs.

Paul D. Maggloni, Dedham, Mass., for defendants.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

This action arises out of plaintiffs' attempts to obtain a common victualler's license from defendants, members of the Dedham Board of Selectmen. Their five-count complaint alleges that defendants' conduct relating to the license violated 42 U.S.C. §§ 1983, 1985(3) and 1986 by depriving them of property without due process of law; and constituted the common law torts of civil conspiracy and intentional interference with advantageous relations. They seek damages and attorneys' fees. The case is before me on defendants' motion to dismiss the complaint for failure to state a cause of action. The following facts, alleged in the complaint, must therefore be taken as true.

Plaintiff Papa Gino's of America, Inc. ("Papa Gino's") owns and operates restaurants in the New England area. Papa Gino's and plaintiff Ralph Guarino, trustee of a realty trust which owns land in Dedham, developed a "mini-mall" on that land. After receiving a building permit and other necessary approvals for construction of the development, including an 80-seat restaurant, Papa Gino's applied to the Dedham Board of Selectmen ("the Board") on September 29, 1982 for issuance of a common victualler's license for the restaurant. After a public hearing the Board denied the application.

Plaintiffs brought suit in the Massachusetts Superior Court seeking relief from the denial of the license. On May 12, 1983 the court ordered the matter remanded to the Board "in order that the Board may review the sufficiency of Papa Gino's plans to determine if ... [plaintiffs] ... can provide an adequate solution to the legitimate concern of the Board concerning traffic exiting on the right of way to Eastern Avenue."[1] It is the events following this

1. The court found the other reasons given by the Board for denial of the license to be insuffi-

remand which plaintiffs contend gave rise to this lawsuit.

Plaintiffs assert first that defendants delayed in considering the license application until plaintiffs moved in the Superior Court for an order for a hearing; and that after a hearing on the matter on July 14, 1983 defendants made no decision until plaintiffs had obtained a court order directing them to do so at their meeting on July 27, 1983. Moreover, the license approved at that meeting was subject to certain conditions relating to the back exit of plaintiffs' parking area and the size of the sign to be erected for the mall. Plaintiffs allege that these conditions were not only improper but that the Board thereafter repeatedly changed the prerequisites to the license. The first conditions appeared in a letter of July 28, 1983, which purported to set forth the Board's decision. New conditions relating to hours of operation were imposed at an irregular meeting of the Board on August 9, 1983 and again at a meeting on August 11, 1983. Papa Gino's received its license at the August 11, 1983 meeting, but in a letter of August 15, 1983 the Board referred to still other restrictions not voted at that meeting.

Plaintiffs returned to court on September 28, 1983 with a motion to strike the conditions. After a court hearing the parties' attorneys negotiated a compromise, which was presented to the Board on October 22, 1983. On November 3, 1983, although town counsel told the Board that the compromise conditions were some which the Board had approved on previous occasions, the Board voted not to "reconsider" the current license conditions.

The first count of plaintiffs' complaint alleges a deprivation of property without due process of law in violation of 42 U.S.C. § 1983. Plaintiffs do not seriously contend that as applicants they had a right to an unrestricted victualler's license under state law, nor could they in light of the broad discretion given licensing authorities by the governing statute.[2] Thus, plaintiffs have alleged no deprivation of a "legitimate claim of entitlement" amounting to a property interest to which the requirements of the due process clause apply. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Medina v. Rudman*, 545 F.2d 244, 249–51 (1st Cir.1976); *O'Neill v. Town of Nantucket*, 545 F.Supp. 449, 452–53 (D.Mass.1982).

However, they strenuously urge that defendants' actions were so egregious as to constitute in themselves a denial of due process. They rely heavily upon *Roy v. City of Augusta, Maine*, 712 F.2d 1517 (1st Cir.1983). There the First Circuit held that a plaintiff had a due process claim under § 1983 sufficient to withstand a motion for dismissal, where local licensing authorities were alleged to have "flouted" the mandate of the state's highest court that a license be granted to plaintiff, thereby rendering the process afforded by the state a nullity.[3] *Id.* at 1523. In so doing, the court stressed as a "crucial element" of the due process claim the allegation that defendants' refusal to issue a license was "totally without reasonable sanction" and thus "so plainly contrary to the ... [state

cient to support denial, except for the Board's failure to receive plans of the restaurant.

2. Mass.Gen.Laws ch. 140, § 2 provides that licensing authorities "may" grant licenses to persons to be common victuallers or innkeepers. Further, "[t]his section shall not require the licensing authorities to grant either of said licenses, if in their opinion, the public good does not require it."

3. The plaintiff in *Roy* was denied renewal of his yearly license to operate a pool hall by the defendant city council. He sought relief in the state courts and ultimately received an order

from the Maine Supreme Judicial Court declaring that he was entitled to the license under state law. On remand, however, the city issued him a license for the year originally sought, so that by its terms it had expired when granted. Defendants then denied plaintiff's application for a current license. By the time he obtained further relief in the state court, he had exhausted his financial resources and lost his premises. The state's highest court could thereafter grant him no relief because he no longer owned the property for which he had sought the license.

court] judgment as to have been a subversion of the state's process." *Id.* at 1524.

■ The facts alleged in Papa Gino's complaint, even viewed most favorably to plaintiffs, do not contain that crucial element. Unlike the state court decision in *Roy,* the Superior Court's order here did not declare plaintiffs to be entitled to the license sought. Rather, it stated that "it would not be an abuse of discretion for the Board to consider restaurant traffic exiting onto Eastern Avenue as not being in the public good when compared to other uses. However, if Papa Gino's is eligible for a license, except for the effect of restaurant traffic on Eastern Avenue, and if Papa Gino's can prevent traffic, to the satisfaction of the Board, from exiting onto Eastern Avenue, that reason for denial would no longer apply." Remand to the Board was for the purpose of considering whether the traffic problem could be resolved. Although the facts alleged in the complaint suggest that the Board's compliance with the remand order was dilatory and reluctant, even on plaintiffs' allegations, defendants did consider whether Papa Gino's could prevent objectionable traffic to their satisfaction, as the order directed. A license was issued with some conditions relating to the traffic problem. The extreme circumstances amounting to action in defiance of the state court's order, as found in *Roy,* are therefore not present here. In the absence of such egregious conduct claims, that local licensing officials acted in violation of state law in making licensing decisions, they do not state a cause of action under the federal constitution. *Id.* at 1523–24; *see also Creative Environments, Inc. v. Estabrook,* 680 F.2d 822, 831–34 (1st Cir.1982).[4]

Because plaintiff's allegations do not support a cause of action for deprivation of their right to due process of law under the Fourteenth Amendment, upon which their claim under § 1983 is based, defendants'

motion to dismiss the complaint is allowed with respect to Count I.

■ Plaintiffs have likewise failed to state a cause of action under 42 U.S.C. §§ 1985(3) and 1986 for deprivation of the right to equal protection of the laws. The complaint does not allege the necessary facts "showing that the defendants conspired against the plaintiffs because of their membership in a class and that the criteria defining the class were invidious." *Hahn v. Sargent,* 523 F.2d 461, 469 (1st Cir.1975); *see also Landrigan v. City of Warwick,* 628 F.2d 736, 739 n. 1 (1st Cir. 1980); *Harrison v. Brooks,* 519 F.2d 1358 (1st Cir.1975). Without a § 1985(3) claim to support it, plaintiffs' § 1986 claim also fails. *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822, 834–35 (1st Cir. 1982). Defendants' motion to dismiss Counts II and III is therefore also allowed.

■ Two counts of the complaint alleging that defendants' conduct violated state law remain. Particularly in light of the history of this dispute and the prior involvement of the state court, I decline to exercise pendent jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *B.C. Recreational Industries v. First National Bank,* 639 F.2d 828, 834 (1st Cir. 1981); *Landrigan v. City of Warwick,* 628 F.2d 736, 748 (1st Cir.1980).

Defendants' motion to dismiss all counts of the complaint is therefore allowed.

---

4. The Supreme Court in *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 920–21, 79 L.Ed.2d 67 (1984) left open the question whether the Eleventh Amendment bars federal courts from entertaining claims against local officials for conduct in violation of state law. Neither party has addressed the issue and in view of the disposition of the claim I need not do so.