**In re Application of Joan McINTYRE for Renewal of a License to Carry a Concealed Deadly Weapon.**

Superior Court of Delaware,
New Castle County.

Submitted: Sept. 16, 1988.
Decided: Sept. 26, 1988.

John J. Thompson of Levine & Thompson, Wilmington, for petitioner.

Robert O'Neill, Dept. of Justice, Wilmington, for the State.

OPINION

GEBELEIN, Judge.

The matter pending before the Court is the petition of applicant for renewal of license to carry a concealed deadly weapon. The State of Delaware through the Delaware Department of Justice has opposed renewal of the license. The Court following its customary practice involving applications for such licenses informed applicant that her application would be denied unless she requested a hearing to provide further information to the Court as to her need for such a license. Petitioner requested such a hearing.

On September 16, 1988 the application was heard by the Court. The petitioner objected to the nature of the proceeding citing the Court to 11 *Del.C.* § 1441(a)(5) which reads in pertinent part as follows:

On or before the date of expiration of such license, the licensee, without further application, may renew the same for the further period of 1 year ... upon filing with said Prothonotary an affidavit setting forth that the carrying of a concealed deadly weapon by the licensee is necessary for the protection of himself or his property, or both, and that he possesses all the requirements for the issuance of a license, and may make like renewal each and every year thereafter; provided, however, that the Superior Court *upon good cause presented to it* may inquire into the renewal request and deny the same *for good cause shown.* 11 *Del.C.* § 1441(a)(5) (Emphasis added).

Thus, petitioner argues, the Superior Court is incorrect in establishing a procedure wherein upon opposition by the Department of Justice to a renewal application, the burden of again establishing a need to carry a concealed deadly weapon as set forth in 11 *Del.C.* § 1441 is automatically shifted to the applicant. The Court reserved decision upon petitioner's objection and ordered that the hearing proceed in the customary fashion, i.e., with the petitioner presenting evidence as to her need to carry a concealed weapon for the protection of her person or property.

The evidence presented at the hearing indicated that petitioner was first licensed to carry a concealed deadly weapon in 1975. She had sought such a license primarily because of her fear after being accosted by an individual who made sexual advances; and subsequent incidents of being followed and harrassed. These incidents were reported to the police. Petitioner was awarded a license in 1975 and has carried a handgun since that time. She has never had occasion to draw the weapon to protect herself. Both the petitioner and her husband are members of a sports shooting club and use their weapons in target practice. Petitioner at times accompanies her husband on emergency repair calls in commercial areas late at night. The State's evidence consisted of cross-examination of the petitioner and a copy of the State detective's report. That report was admitted into evidence over the objection of petitioner.

Basically put, the State argues that petitioner has not met the requirements of demonstrating a need to carry a concealed deadly weapon for the protection of her person or property. It is argued that the attack on her was many years ago, and that since she has had the weapon, she has not had to use it in self-defense.

The petitioner argues that her fear is justified, that her need is real, and that although confronted since 1975 by situations where the gun could have been drawn, her decision not to use it should not be held against her application. Finally, the petitioner argues no "good cause" has been shown to deny her "renewal".[1]

The State in its argument relies upon 11 *Del.C.* § 1441(d) which states:

The Court may or may not, in its discretion, approve any application, and, in order to satisfy the Judges thereof fully in regard to the propriety of approving the same, may receive remonstrances and hear evidence and arguments for and against the same, and establish general rules for that purpose.

This section clearly gives the Court the authority to establish "general rules" for the purposes of reviewing applications. No such rules have been formally adopted, although a procedure has developed. That procedure involves referring the application to the Department of Justice for review and investigation. Upon a favorable review, the application is approved. Upon opposition being noted, the applicant is given the right to request a hearing.

---

**1.** Petitioner further argues that the enactment of Art. I, Sect. 20 of the Delaware Constitution enhances her position. The Court notes that "the right to keep and bear arms" does not of necessity require that such arms may be kept concealed. 11 *Del.C.* § 1441 relates only to the carrying of concealed deadly weapons; and as such is supported by a legitimate State interest.

While this procedure clearly affords new applicants their due process rights, it fails to conform to the statutory language cited by petitioner. Section 1441(a)(5) clearly distinguishes between a "renewal" and an "application". It states that a licensee "may make like renewal" every year. It is only "upon good cause presented to it" that the Superior Court "may inquire into the renewal request". Finally, it is only upon "good cause shown" that the renewal may be denied. This very specific procedural language can be contrasted with the language governing initial "applications" where the Court "may or may not, in its discretion, approve any application." 11 *Del.C.* § 1441(d).

The State argues that § 1441(d) applies as well to the renewal process. Indeed the words, "any application" contained in that section are very broad. However, the General Assembly specifically provided in § 1441(a)(5) that a licensee "without further application, may renew the same." The General Assembly has specifically differentiated between a "renewal" and an "application". To hold otherwise would be to ascribe no meaning to the words, "without further application."

■ Thus, the Court finds that where a renewal is pending before the Court such renewal will be approved unless good cause is presented which will justify further inquiry into the renewal. At a hearing scheduled upon a renewal the initial burden shall be upon the State to demonstrate "good cause" why the renewal should not be approved. The petitioner then would be entitled to rebut that evidence.

■ In the case at bar, the State has demonstrated no "good cause" to deny the license renewal; rather, the State has, in effect, asked the Court to reconsider the reasons initially presented by petitioner thirteen years ago. The application is APPROVED.

IT IS SO ORDERED.