John CONWAY

v.

Thomas KING, in his official capacity as the Chief of Police of the City of Manchester.

Civ. No. 88–272–D.

United States District Court, New Hampshire.

July 18, 1989.

Jean–Claude Sakellarios, Manchester, N.H., for plaintiff.

Anthony F. Simon, Manchester, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

In this action brought pursuant to 42 U.S.C. § 1983, plaintiff John L. Conway, Jr., challenges the Manchester police chief's refusal to renew his license to carry a concealed weapon. Conway argues that the relevant licensing statute, New Hampshire Revised Statutes Annotated ("RSA") 159:6,[1] is unconstitutionally vague and violates his right to due process of law under the Fourteenth Amendment. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(a)(3). Currently before the Court is defendant's motion to dismiss and plaintiff's objections thereto.

For purposes of ruling on the motion to dismiss, the factual allegations of the complaint are taken as true and are read in the light most favorable to the plaintiff. *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987). Dismissal is to be ordered only if plaintiff is not entitled to relief under any set of facts he could prove. *Id.* A brief summary of relevant facts follows.

Conway originally acquired a license to carry a concealed weapon sometime in 1975. Under RSA 159:6, such licenses are valid for two years. Between 1975 and 1985, Conway's license was routinely renewed. In 1985, Conway applied to Thomas King, the Manchester chief of police, for a renewal. King denied the application on the basis of Conway's misdemeanor convictions in 1982. King suggested that Conway reapply for the license after a waiting period of six months. Conway waited for a period of approximately two years before again applying for the license. In Novem-

ber 1987, King again denied the application because he believed Conway was not a "suitable person" under the statute. Pursuant to RSA 159:6–c, Conway appealed the denial to the Manchester District Court. In an initial hearing, at which King did not testify, the Manchester District Court ordered Conway's permit granted. However, King moved for a rehearing and, over Conway's objections, the court granted the motion. After the rehearing on January 26, 1988, at which King testified, the court agreed that Conway was not a suitable person and upheld the denial of Conway's license. Conway then petitioned the New Hampshire Supreme Court to review the district court's ruling. Pursuant to Rule 7(1) of the New Hampshire Supreme Court Rules, that court declined to consider the case. On July 1, 1988, Conway filed the instant petition for declaratory judgment. Conway contends that the statute, by failing to define the term "suitable", is unconstitutionally vague. Defendant moves to dismiss this claim, arguing that Conway's interest in a renewed license does not rise to the level of a right subject to Fourteenth Amendment protection. The Court agrees with defendant.

The vagueness doctrine only applies when the challenged statute affects interests protected by the due process clause of the Fourteenth Amendment. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982); *Maroney v. University Interscholastic League*, 764 F.2d 403, 406 n. 6 (5th Cir.1985). The due process clause protects an individual from deprivations of "life, liberty, or property" without due process of law. Conway has not indicated what constitutionally protected interest has been violated by defendant's actions.

---

1. RSA 159:6 provides in relevant part:
   The selectmen of a town or the mayor or chief of police of a city or some full-time police officer designated by them respectively, upon application of any resident of said town or city, or the director of state police, or some person designated by him, upon application of a nonresident, shall issue a license to such applicant authorizing him to carry a loaded pistol or revolver in this state for not more than 2 years from the date of issue, if it appears that the applicant has good reason to fear injury to his person or property or has any proper purpose, and that he is a suitable person to be licensed.

■ Although liberty is a "broad and majestic" term, it is not all-inclusive. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571, 92 S.Ct. 2701, 2706, 33 L.Ed.2d 548 (1972).

> Without doubt, it denotes not merely freedom from bodily restraint but also the right of an individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized ... as essential to the orderly pursuit of happiness by free men.

*Id.* at 572, 92 S.Ct. at 2707 (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923)).

While the range of constitutionally protected liberty interests is broad, it does not include the right to carry a concealed weapon. The Ninth Circuit in *Erdelyi v. O'Brien*, 680 F.2d 61 (9th Cir.1982), rejected an almost identical claim: "Erdelyi does not, and could not, argue that she has an absolute liberty to carry a concealed weapon." *Id.* at 63. If defendant's refusal to renew the license at issue here imposed on Conway "a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities," *Roth, supra*, 408 U.S. at 573, 92 S.Ct. at 2707, a protected liberty interest might be implicated. Conway, however, alleges no such disability. Accordingly, the nonrenewal of Conway's license does not deprive him of a constitutionally protected liberty interest. Thus, the Court considers whether plaintiff has a cognizable property interest.

■ "[A] protected property interest is not created by the Constitution; rather, it is created and defined by '... existing rules or understandings that stem from an independent source such as state law— rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Castro v. Unit-*

*ed States*, 775 F.2d 399, 405 (1st Cir.1985) (quoting *Roth, supra*, 408 U.S. at 577, 92 S.Ct. at 2709). The First Circuit has stated that when a government official has broad statutory discretion to withhold a benefit, the statute conveys no property interest in that benefit. *Beitzell v. Jeffrey*, 643 F.2d 870, 874 (1st Cir.1981); *Medina v. Rudman*, 545 F.2d 244, 251 (1st Cir.1976), *cert. denied*, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 177 (1977).

In *Medina*, the court examined a New Hampshire greyhound-racetrack licensing statute to determine whether it conferred a property interest on the plaintiff. Because the statute gave broad discretionary powers to the state commission (to issue licenses "at will"), the court ruled that the plaintiff did not enjoy a property interest in the license.[2] *Id.* at 251. *See also Papa Gino's of America, Inc. v. Taurasi*, 616 F.Supp. 77, 79 (D.Mass.1984), *aff'd*, 760 F.2d 251 (in light of broad discretion given licensing authorities by governing statute, plaintiffs could not seriously contend they had legitimate property interest in victualler's license).

The New Hampshire Constitution, Part I, Article 2–a, grants to New Hampshire citizens a "right to keep and bear arms". However, RSA 159:4, 159:5 and 159:6 limit that right by requiring individuals who want to carry a concealed weapon to receive a license from the town. *Cf. Application of McIntyre*, 552 A.2d 500, 501 n. 1 (Del.Super.1988) (right to "keep and bear arms" under Delaware Constitution does not dictate that such arms may be kept concealed). Under 159:6, the licensing authority has broad discretion to issue licenses. In light of this broad discretion, the Court finds that the statute does not confer on Conway a claim of entitlement to a license to carry a concealed weapon. Accordingly, plaintiff's claim that he is entitled to due process protection is without merit.

---

2. The court further explained that "[w]hile vesting discretionary powers in a state commission may open the way to abuse, a state may reasonably believe that discretionary control makes it easier to see that licenses do not fall into the wrong hands and that only persons who will act affirmatively in the public interest obtain licenses." *Id.* The Court finds this statement particularly apt in the context of gun-licensing laws.

In sum, the Court does not reach plaintiff's void-for-vagueness argument because the challenged statute does not affect an interest protected by the due process clause of the Fourteenth Amendment. Accordingly, defendant's motion to dismiss (document no. 15) is herewith granted.[3]

SO ORDERED.

---

**3.** Because defendant's request for attorney's fees is not supported by authority which would establish a basis for such an award, the Court herewith denies the request pursuant to Local Rule 11(c).