United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-3365MN

David M. Gross,                                    *
                                                   *
             Appellant,                            *
                                                   *      Appeal from the United States
      v.                                           *      District Court for the District of
                                                   *      Minnesota.
Michael Norton, in his official capacity;          *
City of Minneapolis; Robert John                   *            [PUBLISHED]
Alfton, individually,                              *
                                                   *
             Appellees.                            *

_____

Submitted:  May 22, 1997
Filed: July 25, 1997

_____

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

David M. Gross, a former assistant city attorney for the City of Minneapolis, brought this civil rights action against the City and his former supervisors, Michael Norton and Robert John Alfton (collectively the City), alleging interference with his gun possession in the workplace and pro-gun advocacy outside the work setting. The district court granted summary judgment to the City, and Gross appeals.  We affirm.

Gross contends the City deprived him of a property or liberty interest in violation of due process by adopting and enforcing a policy prohibiting City employees other than police officers from carrying dangerous weapons at work. We disagree. The City did not deprive Gross of any property or liberty interest. Because local authorities have broad statutory discretion to withhold a permit to carry a pistol in public, see Minn. Stat. Ann. § 624.714 (1987 & Supp. 1997), Gross has no constitutionally protected property interest in his permit under Minnesota law. See Erdelyi v. O'Brien, 680 F.2d 61, 63 (9th Cir. 1982) (per curiam) (no property interest in concealed weapons license under California law); Conway v. King, 718 F. Supp. 1059, 1061 (D.N.H. 1989) (no property interest created by New Hampshire gun permit statute); In re Young, 521 N.W.2d 865, 869 (Minn. Ct. App. 1994) (no vested right to Minnesota gun permit); see also Love v. Pepersack, 47 F.3d 120, 122-23 (4th Cir. 1995) (no property right to gun permit when local authorities have discretion to deny). Gross does not assert an interest arises from the Second Amendment, nor could he. See United States v. Hale, 978 F.2d 1016, 1020 (8th Cir. 1992) (Second Amendment only protects weapon possession reasonably related to preservation of milita). The law does not recognize Gross's assertion of a "liberty of self-defense" conferring the right to carry a gun at work. See Erdelyi, 680 F.2d at 63 (no absolute liberty to carry concealed weapon). Without any deprivation of a property or liberty interest, the City's enforcement of the policy did not violate Gross's due process rights. See Board of Regents v. Roth, 408 U.S. 564, 569, 577 (1972). Additionally, there is no substantive due process violation because the policy has a rational basis in the City's legitimate interest in workplace safety. See Love, 47 F.3d at 123; Baer v. City of Wauwatosa, 716 F.2d 1117, 1123 (7th Cir. 1983).

Gross contends the City adopted the policy as part of a conspiracy to drive him from employment and to undermine his state permit to carry. There is no evidence of conspiracy, however. The City adopted the policy without knowledge of Gross's situation in response to a problem with another public employee. When Gross asked for an exemption from the policy based on a personal safety threat, the City offered to

compromise by storing Gross's weapon in a safe during work. Gross rejected the offer and left his job. Claiming the inability to carry a gun at work caused headaches, Gross used all his accrued vacation and sick days, then went on administrative leave. Eight months after Gross walked off the job, the City informed Gross that his leave had expired and directed him to return. Gross declined. We agree with the district court that Gross voluntarily left his position when he failed to go back to work as instructed, without any legally recognizable medical excuse. No reasonable juror could conclude otherwise. Since Gross voluntarily quit, Gross's retaliatory discharge claim fails as a matter of law. Because no reasonable person would have deemed the working conditions intolerable, Gross also loses his constructive discharge claim. See Bradford v. Norfolk S. Corp., 54 F.3d 1412, 1420 (8th Cir. 1995).

Gross next asserts the City violated the First Amendment during his employment. Gross drafted an affidavit used in a lawsuit to prevent Hennepin County from destroying firearms recovered in the County's gun turn-in program, which the City supported. The City terminated Gross for drafting the affidavit after giving him notice and a chance to respond. Gross was later reinstated when an arbitrator decided a 30-day suspension without pay was adequate discipline. Gross's discipline for drafting the affidavit does not implicate the First Amendment. Gross was not the affiant, the plaintiff, or plaintiff's counsel. Rather than speaking out on a matter of public concern, Gross merely recorded another person's factual statements. See Mumford v. Godfried, 52 F.3d 756, 761 (8th Cir. 1995) (mere conveyance of information for other parties is not protected speech). Contrary to his assertion, Gross received due process given the pretermination notice and hearing, and the meaningful (indeed, mostly successful) posttermination opportunity to be heard. See Winegar v. Des Moines Indep. Community Sch. Dist., 20 F.3d 895, 901 (8th Cir. 1994).

Gross also asserts the City infringed on his First Amendment rights by denying him leave to testify before the Minnesota legislature against a bill, drafted by the City Attorney for the City Council, seeking to ban certain assault weapons. Rather than

-3-

obstructing Gross's testimony, however, the City merely delayed it. The City Attorney denied Gross's initial vacation request because Gross did not give the required 24-hours notice and because the City Council had asked the City Attorney's office to lobby for the bill. After further consideration, the City Attorney changed his mind. Thus, a few days after Gross wanted to testify before the Senate, Gross appeared before the House of Representatives and zealously advocated his views, despite the City's contrary position. The City did not limit the content of Gross's speech in any way, and Gross gave the speech before the House voted to defeat the bill. Thus, Gross had a chance to persuade and inform the legislature before the assault weapons issue was shot down. Balancing Gross's interest as a citizen in conveying the same speech earlier against the City's interest as a public employer in promoting efficiency in the workplace, we conclude the City did not infringe on Gross's First Amendment rights. See Tyler v. City of Mountain Home, 72 F.3d 568, 569-70 (8th Cir. 1995).

Gross's remaining claims are meritless. We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-