Steven A. IVERSON, Plaintiff,

v.

CITY OF ST. PAUL and William K. Finney, in his official capacity, Defendants.

No. Civ.01–1530(MJD/SRN).

United States District Court, D. Minnesota.

Jan. 7, 2003.

Steven A. Iverson, St. Paul, MN, pro se.

John Henry Stechmann, St. Paul City Atty., St. Paul, MN, for defendant.

### MEMORANDUM & ORDER

DAVIS, District Judge.

This matter is before the Court on Plaintiff's and Defendants' cross-motions for summary judgment. Plaintiff, Steven A. Iverson ("Iverson") alleges a 42 U.S.C. § 1983 claim against defendants, City of St. Paul and police chief, William K. Finney ("Defendants"). He argues that the City of St. Paul violated his "fundamental right to self-defense" by denying his application for a permit to carry a pistol, pursuant to Minnesota Statute § 624.714, subd. 5(c):

**Subd. 5. Granting of permits.** No permit to carry shall be granted to a person unless the applicant:

(a) Is not a person prohibited by section 624.713 from possessing a pistol;

(b) Provides a firearms safety certificate recognized by the department of natural resources, evidence of successful completion of a test of ability to use a firearm supervised by the chief of police or sheriff, or other satisfactory proof of ability to use a pistol safely; and

(c) Has an occupation or personal safety hazard requiring a permit to carry.

Further, Iverson argues that Minn.Stat. § 624.714, subd. 5(c) violates his "fundamental right to self-defense" and is unconstitutionally vague. He seeks injunctive relief and compensatory damages.

For the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED. Defendants' Motion for Summary Judgment is GRANTED.

**FACTUAL BACKGROUND**

Iverson applied for a handgun permit in February, 2001. In his application, he stated that his occupation required him to work late nights, travel between locations, and carry keys to multiple office buildings holding office equipment such as computers. The application was denied because the St. Paul Police Department determined that he did not have an occupational or personal safety hazard as required by the statute.

In November, 2001 at 3 AM, Iverson had a flat tire while traveling between work locations. He had to change the tire near Lexington and Larpenteur Avenues. He felt vulnerable to assault because he wasn't armed and experienced mental distress and anguish as a result.

Plaintiff moves for summary judgment, asserting that he is able to show injury to his liberty interest protected by the Ninth and Fourteenth Amendments to the U.S. Constitution, specifically, his right to self-defense. Defendants cross-motion for summary judgment.

**STANDARD**

**Summary Judgment**

Summary judgment is appropriate if the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Unigroup, Inc. v. O'Rourke Storage & Transfer Co.*, 980 F.2d 1217, 1219 (8th Cir.1992). The burden of demonstrating the absence of any genuine issue of material fact rests on the moving party. Fed.R.Civ.P. 56(b); *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. To defeat summary judgment when a properly supported motion for summary judgment is made, however, the non-moving party must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505.

**DISCUSSION**

**Jurisdiction**

Defendants argue that Iverson's claim lacks federal jurisdiction. Defendants appear to have abandoned their jurisdiction claim during oral argument. Regardless, because Iverson alleges violations of his federal rights under § 1983, this Court has jurisdiction pursuant to 28 U.S.C. § 1343; 42 U.S.C. § 1983.

**Section 1983 Claim**

■ Although Iverson alleges that Defendants have deprived him of a "liberty of self-defense," the Court finds that Defen-

dants have in fact merely denied him the ability to carry a handgun. The Eighth Circuit does not recognize a liberty interest in carrying a concealed weapon, *Gross v. Norton,* 120 F.3d 877, 878 (*citing Erdelyi v. O'Brien,* 680 F.2d 61, 63 (9th Cir. 1982)), and has similarly held that there is "no 'liberty of self-defense' conferring the right to carry a gun to work." *Id.* Therefore, Iverson's § 1983 claim fails as a matter of law.

## Constitutionality of Minnesota Statute § 624.714, subd. 5(c)

Plaintiff also argues that Minnesota Statute § 624.714, subd. 5(c) is unconstitutionally vague in violation of due process. Iverson asserts that a statute is unconstitutionally vague if it encourages arbitrary and discriminatory enforcement. He notes that Minn.Stat. § 624.714, subd. 5(c) states that in order to carry a handgun, a person must have "an occupation or personal safety hazard requiring a permit to carry." *Id.* Plaintiff argues that the word "requiring" is vague. He cites the Minnesota Supreme Court's interpretation of the statute's term, "requiring," as meaning to have "demonstrated a need or purpose for caring firearms ..." *In Application of Atkinson,* 291 N.W.2d 396, 399 (Minn.1980)(quoting *State v. Paige,* 256 N.W.2d 298 (Minn.1977)). Plaintiff suggests that this interpretation is equally vague and therefore the entire statute should be held unconstitutional. He argues that even if a law does not reach constitutionally protected conduct, it, "... may nevertheless be challenged on its face as unduly vague, in violation of due process." *Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 497, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982) *reh'g denied,* 456 U.S. 950, 102 S.Ct. 2023, 72 L.Ed.2d 476 (1982).

■ The Court finds that while "requiring" does not provide a specific mandate to

the issuing authority, it does set forth "minimal guidelines to govern law enforcement" in the issuing of the permit. *Smith v. Goguen,* 415 U.S. 566, 574, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). That is, the statute does not grant such broad discretion that the granting authority is able to enforce its own preference. *See St. Croix Waterway Assoc. v. Meyer,* 178 F.3d 515 (8th Cir. 1999) (*citing Grayned v. City of Rockford,* 408 U.S. 104, 112, 92 S.Ct. 2294, 33 L.Ed.2d 222).

■ Further, when evaluating a facial challenge to a state law, a federal court must consider any limiting construction that a state court or enforcement agency has proffered. *Grayned* 408 U.S. at 110, 92 S.Ct. at 2299. Here, the Minnesota Supreme Court has qualified the meaning of the statute's "requiring" language by indicating that a person seeking the permit must "have demonstrated a need or purpose for carrying firearms" through particular facts, in order to receive a permit. *Paige,* 256 N.W.2d at 303.

Further, the Supreme Court has held that not every facial challenge for vagueness should be viewed with the same degree of scrutiny. Rather, "[t]he degree of vagueness that the Constitution tolerates–as well as the relative importance of fair notice and fair enforcement–depends in part on the nature of the enactment." *Hoffman Estates,* 455 U.S. at 498, 102 S.Ct. at 1193. In *Hoffman Estates,* the Court held that among other regulations, "[t]he Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Id.* at 499, 102 S.Ct. at 1193. Here, Minn.Stat. § 624.714, subd. 5(c) is a criminal code and a person who violates it will be subject to criminal sanctions. Minn.Stat. § 624.714, subd. 1; *State v. Folstrom,* 331 N.W.2d 231 (1983). However,

subdivision 5(c), which Iverson argues is unconstitutional, only addresses the granting of a permit to carry a pistol. As discussed *infra*, there is no liberty interest in a right to carry a concealed weapon. Nor is there a constitutionally protected property interest in a permit to carry under Minnesota law. *Gross,* 120 F.3d at 878 (*citing, Erdelyi* 680 F.2d at 63; *Conway v. King,* 718 F.Supp. 1059, 1061 (D.N.H. 1989); *In re Young,* 521 N.W.2d 865, 869 (Minn.App.1994)). Thus, an individual who is denied a permit suffers neither civil nor criminal penalties. Further, the statute does not require a permit for one to keep a pistol at one's place of business or home, to carry the pistol between place of purchase or repair and home or business, to carry a pistol between home and place of business, or to carry a pistol in the woods, fields, or on water for hunting or target shooting. Minn.Stat. § 624.714, subd. 9(a), (b), (c), (d). In addition, sufficient safeguards against arbitrary enforcement are available through appeal "to the district court having jurisdiction over the county or municipality wherein the notification or denial occurred." Minn.Stat. § 624.714, subd. 12. Thus, the relative importance of fair notice regarding Minn.Stat. § 624.714, subd. 5(c)'s enforcement is due a less strict vagueness analysis.

The Court further notes that prohibiting any discretion to deny the application of a person not prohibited from possessing a concealed weapon would undermine the state legislature's intent "to prevent the possession of firearms in places where they are most likely to cause harm in the wrong hands, i.e., in public places where their discharge may injure or kill intended or unintended victims." *Paige,* 256 N.W.2d at 303.

Accordingly, the Court finds that Minn. Stat. § 624.714, subd. 5(c) provides permit applicants fair notice and ample protection against arbitrary enforcement and, there-fore, withstands the plaintiff's constitutionality challenge.

## CONCLUSION

In light of the foregoing, the Court finds that Plaintiff's claims fail as a matter of law. Accordingly, the Defendants' Motion for Summary Judgment is GRANTED.

**IT IS HEREBY ORDERED:**

1.) Defendants' Motion for Summary Judgment (Docket # 12) is GRANTED.

2.) Plaintiff's Motion for Summary Judgment (Docket # 13) is DENIED.