## Richmond.

BENTON v. COMMONWEALTH.

January 26th, 1893.

1. FELONY—*House-breaking—Grade of offense.*—A felony is such an offense as may be (not must be) punished by death or confinement in the penitentiary. Code § 3879. Breaking and entering a house in the night-time, with intent to commit larceny, may be punished by imprisonment in the penitentiary or in jail, at the discretion of the jury, and is a felony. Code, § 3706.
2. CRIMINAL PROCEEDINGS—*Witnesses—Case at bar.*—A person was convicted of breaking and entering a house in the night-time, with intent to steal. At the trial the jury assessed his punishment at imprisonment in the county jail and a fine.

HELD:

He was guilty of a felony, and, not having been pardoned or punished therefor, was an incompetent witness. Code, § 3898.

Error to judgment of circuit court of Loudoun county, refusing a writ of error to judgment of the county court of said county, rendered at its November term, 1892, whereby the plaintiff in error, D. B. Benton, was, in accordance with the verdict of the jury in the trial of an indictment against him for breaking and entering a house in the night-time, with intent to steal, sentenced to two years' confinement in the penitentiary. Opinion states the case.

*W. E. Garrett & Son,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

LEWIS, P., delivered the opinion of the court.

The plaintiff in error, D. W. Benton, was jointly indicted with Herbert Wilson and John Benton for house-breaking. The indictment charges a breaking and entering, in the night-time, with intent to commit larceny, and the actual larceny of a quantity of meat, of the value of fifty dollars.

Upon this indictment Wilson was separately tried and convicted, the verdict being in these words : " We, the jury, find the prisoner, Herbert Wilson, guilty as indicted, and fix the penalty at twelve months in the county jail, and a fine of five dollars "; and there was judgment accordingly.  By section 3706 of the Code the offense charged in this indictment is punishable by imprisonment in the penitentiary not less than two nor more than ten years, *or*, in the discretion of the jury, by imprisonment in jail not exceeding twelve months and a fine not exceeding five hundred dollars.

On the trial of the present case, after the conviction of Wilson, the commonwealth offered the latter as a witness to prove that the plaintiff in error and the witness were of a party of four persons who committed the offense mentioned in the indictment.  The prisoner objected to the competency of the witness, on the ground that he had been convicted of a felony, for which he had not been pardoned or punished. But the objection was overruled, and the witness was allowed to testify ; to which ruling the prisoner excepted.

The statute provides that, " except where it is otherwise expressly provided, a person convicted of felony shall not be a witness, unless he has been pardoned or punished therefor." Code, sec. 3898.

It is conceded that at the time of the trial the witness, Wilson, had not been pardoned or punished for the offense of which he had been convicted ; and the question is, Was that offense a felony, although the punishment ascertained by the jury was only imprisonment in jail and a fine of five dollars ? We are of opinion that it was.

In Virginia offenses are either felonies or misdemeanors. "Such offenses as are *punishable* with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors." Code, sec. 3879. The question in the present case, therefore, depends upon the meaning and effect of the word "punishable" in this section.

The crime of house-breaking, with intent to commit larceny, is a felony; and it is equally certain that it would have been competent for the jury, under the indictment in the present case, to have found the accused, Wilson, guilty of larceny. But they have not done so. The verdict rendered was a general verdict of "guilty as indicted," and this, according to *Vaughan's Case*, 17 Gratt. 576, was a conviction, not of larceny, but of house-breaking with intent to steal; so that there is no room for the argument of the attorney-general that the verdict must be construed as a conviction for a misdemeanor, under section 4040 of the Code, which provides that "if a person indicted of felony be by the jury acquitted of part and convicted of part of the offense charged, he shall be sentenced for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor."

The word "punishable" in section 3879 evidently refers to offenses which *may* be punished by confinement in the penitentiary, and not to those only which *must* be so punished. The legislature never intended to leave the grade of any offense to the discretion of a jury, and we need only look to section 3903 of the Code to find that there are felonies which may be punished in a milder manner than by confinement in the penitentiary; for by that section it is provided that "the term of confinement in the penitentiary, *or in jail*, of a person convicted of felony, if that punishment is prescribed, and the amount of *the fine*, if the felony be also punishable by fine, shall be ascertained by the jury, so far as the term of con-

finement and the amount of the fine are not fixed by law."

As long ago as *Barker's Case*, 2 Va. Cas. 122, it was decided that every offense punishable by confinement in the penitentiary is a felony, unless it be by statute denominated a misdemeanor; and there are numerous decisions outside of Virginia to the same effect.

House-breaking with intent to commit larceny, then, is a felony, and its nature is not affected when, in a particular case, the jury, in the exercise of a discretion, fix a lighter punishment than confinement in the penitentiary. It is a crime, in the estimation of the legislature, of a deeper dye than ordinary misdemeanors, and is no where declared by statute to be a misdemeanor under any circumstances.

Upon this subject a philosophical writer, after observing that in a considerable number of the states of the Union, there are statutes defining felony to be an offense punishable either by death or by imprisonment in the state prison, says further: " If, by the terms of the statute, the court or jury is at liberty to inflict some milder punishment, instead of imprisonment or death, this discretion does not prevent the offense from being felony. That the heavier punishment *may* be imposed is sufficient." 1 Bish. Crim. Law (7th ed.), sec. 619.

One of the earliest cases on the subject is *Johnston* v. *State*, 7 Mo. 183. In that case the defendant was indicted for a felonious assault. The jury found him guilty, and assessed as his punishment a fine and imprisonment in jail. The error assigned was that the indictment was for a felony, and the judgment for a misdemeanor. But the court said: " This is a mistake, originating in a misunderstanding of the definition of the word ' felony ' by our statute. A felony under our act is an offense for which the party *may* be imprisoned in the penitentiary. The legislature have wisely left it to the discretion of the jury, in many offenses, to inflict the punishment of imprisonment in the penitentiary, or fine and imprison-

ment in a county jail; and the offense charged in this indictment is one of them. Though this discretion is given to the juries, they are still felonies."

To the same effect is *State* v. *Smith*, 32 Me. 369, in which case it was contended, under a statute similar to ours, that an offense, to be a felony, *must* be punishable in the state prison; but the court held that any offense was a felony which was *liable* to be so punished, although it might also be punished by fine or imprisonment in jail. And this ruling was reaffirmed in *State* v. *Mayberry*, 48 Me. 218, 236.

In a recent case in Arkansas the defendant was indicted for slander, which, under a statute of that state, is punishable by imprisonment in the penitentiary, or, in the discretion of the court, by fine. Another statute of the same state classifies and defines offenses as ours does; and it was held that slander, in that state, was a felony, because it *might* be punished by imprisonment in the penitentiary, and that the discretion vested in the court to mitigate the punishment did not alter the nature of the crime. "The same acts," said the court, "cannot at the same time constitute a felony and a misdemeanor. They cannot co-exist as the result of one and the same transaction. The crime must be one or the other, not both, or either." *State* v. *Waller*, 43 Ark. 381.

Another case in point is *People* v. *War*, 20 Cal. 117. In that case it was held that although the offense charged in the indictment might, in the discretion of the court, be punished by fine only, yet, inasmuch as it was also punishable—which meant, it was said, *liable* to be punished—by imprisonment in the state prison, it was a felony, under a statute of California declaring all offenses "punishable by death or imprisonment in a state prison" to be felonies.

The same principle was recognized in *Canada's Case*, 22 Gratt. 899, which was an indictment for a felonious and malicious assault, with intent to maim, disfigure, disable, and

kill. In delivering the opinion of the court, Moncure, P., said it was competent for the jury to acquit the accused of maliciously doing the act charged against him, and to convict him of unlawfully doing it; and that both of these offenses were felonies, although the latter is punishable by confinement in the penitentiary, or, in the discretion of the jury, by confinement in jail and a fine. The idea evidently was that the grade of the offense is fixed by the statute, and is not dependent upon the character of the punishment which may happen to be imposed in any particular case. It was also held that it was competent for the jury to convict the accused, as they did, of a simple assault and battery, because that offense was substantially charged in the indictment.

In a recent and valuable work, in which many of the cases on the point are cited, it is laid down that a felony in this country is a crime punishable with death or imprisonment in the state prison, or for the commission of which the perpetrator may be so punished; and that a discretion to assess a lighter punishment does not reduce the grade of the crime. 4 Am. & Eng. Ency. of Law, p. 651.

It is clear, therefore, that Wilson was an incompetent witness in the present case, and that the trial court erred in admitting him to testify. And the same remark applies to the witness Barton, mentioned in the bill of exceptions.

The case must, therefore, be sent back for a new trial.

JUDGMENT REVERSED.