**UNITED STATES of America,
Appellee,**

v.

**Major Henry JOHNSON, Appellant.
No. 73-2176.**

United States Court of Appeals,
Fourth Circuit.

Submitted April 1, 1974.

Decided April 29, 1974.

Leigh B. Hanes, Jr., U. S. Atty., and Ronald D. Hodges, Asst. U. S. Atty., on brief for appellee.

Dean MacD. Greiner [Court-appointed], Bristol, Va., on brief for appellant.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

## PER CURIAM.

Major Henry Johnson was convicted by a jury of transporting a firearm in interstate commerce after having been convicted of a felony, 18 U.S.C. § 922(g). He appeals, challenging the district court's instructions and contesting the constitutionality of section 922(g). For the reasons set forth below, we disagree with Johnson's arguments and affirm the conviction.

Johnson was convicted in 1970 under Va.Code Ann. § 18.1–96 of one count of forgery and one count of uttering. He was sentenced to serve consecutive terms of six months in jail for each count. On February 23, 1973, Johnson purchased a .22 caliber handgun from a firearms dealer in Bristol, Virginia, and subsequently transported the gun on his person to Kingsport, Tennessee, where he was arrested and charged with making false statements to a federally licensed firearm dealer in order to acquire a firearm,[1] and transporting a firearm in interstate commerce by a convicted felon.

Johnson complains that the trial court improperly charged the jury that his prior conviction of forgery is a "felony" under Virginia law. He maintains that the Virginia statute allows the jury an option either to sentence him to penitentiary or to jail,[2] and since it chose to send him to jail, it reduced the character

---

1. 18 U.S.C. § 922(a)(6). Johnson was acquitted of this charge.

2. Va.Code Ann. § 18.1–96 provides:

If any person forge any writing, other than such as is mentioned in §§ 18.1–92 and 18.-1–94, to the prejudice of another's right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged, he shall be confined in the penitentiary not less than two years nor more than ten years, or, in the discretion of the jury or the court trying the case without a jury, he shall be confined in jail not less than six months nor more than twelve months. . . .

of his offense from a felony to a misdemeanor.

■ We note initially that the instruction complained of on appeal was not objected to by defense counsel at the trial. Rule 30 of the Fed.R.Crim.P. is specific: "No party may assign as error any portion of the charge . . . unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Johnson asserts, however, that the instruction constituted "plain error," noticeable on appeal notwithstanding his failure to object. Fed.R.Crim.P. 52(b).[3] We think not.

18 U.S.C.A. App. § 1202(c)(2) defines a "felony" as any "offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less." Virginia law provides a simple method to determine whether forgery is to be classified as a "felony" or a "misdemeanor":

> Offenses are either felonies or misdemeanors. Such offenses as are *punishable* with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors.

Va.Code Ann. § 18.1–6. (Emphasis added.) This language makes clear that whether forgery is a "felony" or is a "misdemeanor" is determined by the sentence lawfully possible under section 18.1–96 and does not depend upon the sentence actually imposed or the nature of the offense. Fletcher v. Commonwealth, 163 Va. 1007, 175 S.E. 895 (1934); Benton v. Commonwealth, 89 Va. 570, 16 S.E. 725 (1893). *See also* Hanbury v. Commonwealth, 203 Va. 182, 122 S.E.2d 911 (1961). Since Johnson was subject to confinement in the penitentiary for a term not to exceed ten years, he was not convicted of a "misdemeanor," even though he was given a lenient sentence.[4]

■ Johnson's argument that section 922(g) is an unconstitutional violation of his Second Amendment right to keep and bear arms is not new. *See, e. g.,* United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939). The courts have consistently held that the Second Amendment only confers a collective right of keeping and bearing arms which must bear a "reasonable relationship to the preservation or efficiency of a well regulated militia." 307 U.S. at 178, 59 S.Ct. at 818. Johnson presents no evidence that section 922(g) in any way affects the maintenance of a well regulated militia. *See* Cody v. United States, 460 F.2d 34 (8th Cir. 1972). Johnson's argument that the statute violates his rights protected by Fourth and Fifth Amendments is without merit. *See* United States v. Weatherford, 471 F.2d 47 (7th Cir. 1972); United States v. Cabbler, 429 F.2d 577 (4th Cir. 1970). *Cf.* United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971).

We dispense with oral argument and affirm the conviction.

Affirmed.

---

3. Rule 52(b) states:
   Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

4. Since we hold that Virginia specifically classifies forgery as a "felony," we do not have the problem that was presented to us in United States v. Schultheis, 486 F.2d 1331 (4th Cir. 1973). In *Schultheis* the defendant had been convicted of simple assault, a common law crime, the punishment of which was not limited under Maryland law. He was sentenced to suspended term of ninety days in jail, a small fine and unsupervised probation for two years. In this situation we felt justified in looking to the actual sentence imposed as evidencing the seriousness of the crime to determine whether the defendant had been convicted of a "felony" or a "misdemeanor" under section 1202(c)(2). Here, the Virginia statute is unambiguous and does not contain the unusual characteristics of the Maryland common law crime of simple assault.