Rockingham
No. 7420

STATE OF NEW HAMPSHIRE

v.

STEPHEN G. SANNE

September 30, 1976

*David H. Souter,* attorney general, and *Richard B. McNamara,* attorney, by brief, for the State.

*Stephen G. Sanne,* pro se, by brief.

## Memorandum Opinion

In this case the defendant appeals his conviction in the superior court on October 31, 1975 (RSA 159:4 (Supp. 1975)) for carrying two loaded pistols without a license to do so. The sole issue he raises before us is whether the statute violates the second amendment to the Federal Constitution.

Transferred by *Perkins,* J.

The second amendment to the Federal Constitution reads as follows: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." New Hampshire has no constitutional provision granting a right to bear arms. *See* N.H. CONST. pt. I, art. 24. Pertinent provisions of RSA 159:4 (Supp. 1975) provide that "No person shall carry a loaded pistol or revolver . . . without a license therefor as hereinafter provided." The relevant provisions of RSA 159:6 (Supp. 1975) state that a nonresident (which the defendant was at the time) may procure a license from the "director of state police, or some person designated by him, upon application . . . if it appears that the applicant has . . . any proper purpose . . . ." There follow procedural provisions not involved here.

It is too well established to require elaboration that a State statute reasonably regulating the right to bear arms does not violate the second amendment to the United States Constitution which is not a grant of a right, but "a limitation only upon the power of Congress and the National Government . . . ." *Presser v. Illinois,* 116 U.S. 252, 265 (1886); *see United States v. Miller,* 307 U.S. 174, 178 (1939); *United States v. Johnson,* 497 F.2d 548, 550 (4th Cir. 1974); *Commonwealth v. Davis,* 343 N.E.2d 847, 850 (Mass. 1976).

*Exceptions overruled.*

GRIMES, J., did not sit.