**April LOVE, Plaintiff–Appellant,**

v.

**Robert G. PEPERSACK, Sr.; Merrill A. Messick, Jr.; Ernest Eldon Pletcher; Elmer Hunt Tippett, Jr.; State of Maryland, Defendants–Appellees.**

No. 94–1582.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1994.

Decided Feb. 3, 1995.

---

Howard J. Fezell, Frederick, MD, for appellant. Mark Holdsworth Bowen, Asst. Atty. Gen., Pikesville, MD, for appellees. **ON BRIEF**: J. Joseph Curran, Jr., Atty.

**122**

Gen. of Maryland, Pikesville, MD, for appellees.

Before HALL and LUTTIG, Circuit Judges, and CURRIE, United States District Judge, District of South Carolina, sitting by designation.

Affirmed by published opinion. Judge HALL wrote the opinion of the Court, in which Judge CURRIE joined. Judge LUTTIG wrote a separate concurring opinion.

## OPINION

K.K. HALL, Circuit Judge:

April Love appeals the dismissal of her 42 U.S.C. § 1983 civil rights suit against various Maryland state troopers. We affirm.

### I.

According to her complaint, in September, 1990, April Love tried to purchase a handgun at a shop in Prince George's County, Maryland. She filled out an application required by state law. All of her answers to the questions posed were true and correct.

The licensing division of the Maryland state police received the application on September 18, 1990. It was strapped for time—Maryland law gives the police only seven days to deny the application; if it does not act, the dealer may legally sell the firearm. 27 Md.Code Ann. § 442(b) (1992). On September 21, Corporal Ernest Pletcher reviewed the application and a computer printout from Maryland police and Federal Bureau of Investigation files. He discovered that Ms. Love had been arrested on four occasions. In 1976, while working as a stripper, Ms. Love had been arrested twice for participating in an obscene show and once for indecent exposure. In 1978, she had been arrested and charged with two counts of battery and one of resisting arrest. She was convicted of only one of these crimes—a misdemeanor [1]—though disposition of the charges was not apparent on the computer printout.

Without further investigation, Pletcher recommended that the application be denied. Sergeant Robert Pepersack reviewed the file and made the final decision to deny the appli-

cation. A letter to Ms. Love reporting the denial was signed by Lieutenant Merrill Messick. In separate correspondence, Messick instructed the dealer not to sell Ms. Love the handgun.

The reason for the denial was the prior arrest record itself, and both Pletcher and Pepersack later testified that it was standard practice to deny applications on that basis. The Maryland Code lists several grounds for denying an application, but a prior arrest is not such a ground.

Love exhausted state administrative remedies without success, and then sued in state court. She won. The court ordered the state police to approve her application. Love then filed this § 1983 suit—alleging violations of substantive due process, a "right to contract," and the Second Amendment—against Pletcher, Pepersack, Messick, and the state police commander, Colonel Elmer Tippett. The defendants moved to dismiss, and the district court granted the motion.

Love appeals.

### II.

■ We divide due process into "substantive" and "procedural" prongs, though the latter term is redundant and the first is, strictly speaking, a conflict in terms. Love asserts only a substantive due process claim. Substantive due process is a far narrower concept than procedural; it is an absolute check on certain governmental actions notwithstanding "the fairness of the procedures used to implement them." *Weller v. Dep't of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986)).

■ To win her case, Love must first have a property right in the approval of her application to purchase a handgun. Property rights can be created and defined by state laws, *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), but laws calling for issuance of a license or permit cannot create property rights unless "the [state actor] lacks *all* dis-

---

[1]. She paid a fine upon conviction in Florida of    participating in an obscene show.

cretion to deny issuance of the permit or to withhold its approval. Any significant discretion conferred upon the local agency defeats the claim of a property interest." *Gardner v. Baltimore Mayor & City Council,* 969 F.2d 63, 68 (4th Cir.1992).

Whether Love has a property interest under *Gardner* is a close call, as is whether *Gardner* ought to even apply outside the context of land use.[2] The state permitting statute, 27 Md.Code Ann. § 442, requires the applicant to deny all potentially disqualifying circumstances in the application itself. The police have the power to deny the application only if it is incomplete or any information on it is false. It is a stretch to deem that power "discretionary." Nonetheless, because we decide below that Love's claim fails the second prong of the substantive due process test, we will assume without deciding that *Gardner* does govern here and that Love has a property interest in approval of her application.[3]

■ A violation of "substantive" due process occurs only where the government's actions in depriving a person of life, liberty, or property are so unjust that no amount of fair procedure can rectify them.

[T]he residual protections of "substantive due process" in this (or any) context run only to state action so arbitrary or irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies. Irrationality and arbitrariness imply a most stringent standard against which state action is to be measured in assessing a substantive due process claim.

*Rucker v. Harford County,* 946 F.2d 278, 281 (4th Cir.1991), *cert. denied,* 502 U.S. 1097, 112 S.Ct. 1175, 117 L.Ed.2d 420 (1992).

■ Here we agree with the district court that Love's claim fails. Though their acts apparently violated state law, these police officers were forced by the extreme time constraints to streamline investigations. They erred on the side of caution by denying applications where a computer check showed arrests with unknown dispositions. We cannot say that this corner-cutting was "unjustified by circumstance or governmental interest" or that its effect was "literally incapable of ... adequate rectification by any post-deprivation state remedies." Indeed, the deprivation here was fully rectified. State courts exist in order to, among other things, protect citizens against misapplications of state law. We would trivialize the Due Process Clause to invoke it every time the citizen defeats the state in state court. The Clause is violated only where the state courts can do nothing to rectify the injury that the state has already arbitrarily inflicted.[4]

### III.

Citing law review articles, Love argues that she has an individual federal constitutional right to "keep and bear" a handgun, and Maryland may not infringe upon this right.

■ She is wrong on both counts. The Second Amendment does not apply to the states. *Presser v. Illinois,* 116 U.S. 252, 6 S.Ct. 580, 29 L.Ed. 615 (1886); *United States v. Cruikshank,* 92 U.S. 542, 23 L.Ed. 588

---

**2.** Ownership and free use of land is "property" in perhaps the most ancient sense known to Anglo–American law. Throughout our opinion in *Gardner,* we emphasized the land-use context of our "lack of all discretion" standard, *see, e.g., id.* at 68–69, and we are unwilling to extend it where, as here, such an extension is unnecessary to our decision.

**3.** On the other hand, she had full procedural protections for this supposed property interest, including an administrative hearing and a right of access to the state courts under the state's administrative procedures act. She used these procedures and vindicated her property right,

which fully explains why she has not pled a claim for denial of procedural due process.

**4.** Love also argues that the disapproval of her application violated her "right to contract" with the gun dealer. There is no positive federal "right to contract" at all times on all subjects, though individuals are generally free to contract in a manner and with objectives that do not violate local law, and this liberty may give rise to an interest protected by the Fourteenth Amendment's Due Process Clause. *See generally, Roth,* 408 U.S. at 572, 92 S.Ct. at 2706–07. This "claim" is therefore just a component of the substantive due process claim.

**124**

(1876).[5] Moreover, even as against federal regulation, the amendment does not confer an absolute individual right to bear any type of firearm. In 1939, the Supreme Court held that the federal statute prohibiting possession of a sawed-off shotgun was constitutional, because the defendant had not shown that his possession of such a gun bore a "reasonable relationship to the preservation or efficiency of a well regulated militia." *United States v. Miller*, 307 U.S. 174, 178, 59 S.Ct. 816, 818, 83 L.Ed. 1206 (1939). Since then, the lower federal courts have uniformly held that the Second Amendment preserves a collective, rather than individual, right. This court's precedent is *United States v. Johnson*, 497 F.2d 548 (4th Cir.1974). In *Johnson*, the defendant challenged the constitutionality of the federal statute prohibiting possession of firearms by convicted felons. We were not impressed (*id.* at 550):

> Johnson's argument that [18 U.S.C. §] 922(g) is an unconstitutional violation of his Second Amendment right to keep and bear arms is not new. *See, e.g., United States v. Miller*, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939). The courts have consistently held that the Second Amendment only confers a collective right of keeping and bearing arms which must bear a "reasonable relationship to the preservation or efficiency of a well-regulated militia." 307 U.S. at 178, 59 S.Ct. at 818. Johnson presents no evidence that section 922(g) in any way affects the maintenance of a well regulated militia.

Love has likewise not identified how her possession of a handgun will preserve or insure the effectiveness of the militia.

The judgment is affirmed.

*AFFIRMED.*

LUTTIG, Circuit Judge, concurring in the judgment:

I concur only in the judgment reached by the majority, and I do so only because *Gardner v. Baltimore Mayor and City Council*,

---

5. Love makes an odd argument that the Maryland Constitution incorporates the Second Amendment, and that therefore the Second Amendment "applies" to Maryland. It may well "apply" to Maryland in this manner, but, if it

969 F.2d 63 (4th Cir.1992), is the law of the circuit.

does, it is only as a matter of state law, and violations of state law are not cognizable under § 1983. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir.1988).