**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

GREGORY ROLAND PRUESS,

　　　　　*Defendant-Appellant.*

No. 00-4697

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-48)

Submitted: May 31, 2001

Decided: June 19, 2001

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles L. Morgan, Jr., Charlotte, North Carolina, for Appellant. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory Roland Pruess appeals his conviction entered on his guilty plea to transport of a firearm in interstate commerce by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994), and commission of an offense while on release in violation of 18 U.S.C. § 3147 (1994). Pruess noted a timely appeal and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel raised and rejected the possibility that Pruess's conviction under § 922(g) was unconstitutional for several reasons. Appellate counsel also suggested that Pruess's conviction violated several common law precepts. The time for filing a supplemental brief has passed and Pruess has not responded, despite being advised of his right to do so.* Because we find counsel's assignments of error to be without merit and can discern no other reversible error in the record on appeal, we affirm Pruess's conviction and sentence.

On appeal, Pruess first suggests that his conviction under § 922(g) violates the Second Amendment. However, because Pruess has not shown how his conviction interferes with the collective right of the people to maintain a well-regulated militia, we can discern no error of constitutional magnitude in this regard. *Love v. Pepersack*, 47 F.3d 120, 124 (4th Cir. 1995). Pruess also contends that § 922(g) violates the Tenth Amendment by placing an impermissible burden on the States' ability to determine which among their citizens may own firearms. We have previously rejected a Tenth Amendment challenge to § 922(g), finding that the statute is a proper exercise of Congress's commerce power supplementing complementary state legislation. *See United States v. Bostic*, 168 F.3d 718, 724 (4th Cir. 1999). Section 922(g) is not an unconstitutional infringement on the powers reserved to the States. Neither does the absence of a specific intent element under § 922(g) offend due process. *See United States v. Bennett*, 975 F.2d 305, 308 (6th Cir. 1992). Finally, there is no merit to counsel's

---

*Pruess raised several claims of error in his notice of appeal which this court has considered in conjunction with counsel's assignments of error.

broad-based suggestion that Pruess's conviction violated unspecified common law precepts.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Forth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Pruess's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*