**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                  No. 00-4534

JAMES PRESTON SMITH,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, Chief District Judge.
(CR-99-161)

Submitted: June 26, 2001

Decided: September 17, 2001

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William D. Turner, III, CRANDALL, PYLES, HAVILAND & TUR-
NER, L.L.P., Lewisburg, West Virginia, for Appellant. Rebecca A.
Betts, United States Attorney, John H. Tinney, Jr., Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), James Preston Smith was sentenced to 207 months in prison. Smith appeals, claiming that the district court should have granted his motion to suppress evidence seized from his person during a pat-down search, that the statute under which he was convicted was unconstitutional, and that his sentence should not have been enhanced under the Armed Career Criminal Act based upon his prior burglary convictions. We find no merit to his claims; consequently, we affirm.

State police officers arrested Smith at his cabin and then allowed him to follow them to the police station in a separate vehicle. At the police station, officers conducted a pat-down search and discovered ammunition on Smith's person. Smith contends on appeal that the district court erred when it denied Smith's motion to suppress the ammunition on the ground that the search was incident to a lawful arrest.*

When a suspect is arrested, police officers may search him to remove weapons that he could use to resist arrest or escape. *Chimel v. California*, 395 U.S. 752, 762-63 (1969). In light of the fact that Smith was outside the control of the officers between the time of his initial arrest and his arrival at the police office where he was patted down, during which time it is conceivable he could have obtained weapons with which to resist arrest or escape, we find that the search in this case was incident to the lawful arrest, despite the delay between the initial arrest and the search. *Cf. United States v. Johnson*, 114 F.3d 435, 440-41 (4th Cir. 1997) (holding that warrantless search

---

*Smith also contends that the search of his cabin was not based upon probable cause because the probable cause determination was premised upon the ammunition found on his person pursuant to the search incident to arrest. Thus, he claims that the search of his cabin was the "fruit" of the illegal search of his person. Because we conclude that the district court did not err by concluding that the search incident to arrest was lawful, we likewise conclude that the subsequent search of the cabin was not the "fruit" of a prior unlawful search.

of suspect's car at scene of arrest was justified as incident to lawful arrest where search was conducted after the arrest while the suspect was being transported to the police station).

Next, Smith argues that the federal felon in possession of a firearm statute, 18 U.S.C.A. § 922(g)(1), violates his Second Amendment right to bear arms. We previously have held that the Second Amendment does not render § 922(g) unconstitutional because the Second Amendment "only confers a collective right of keeping and bearing arms which must bear a 'reasonable relationship to the preservation or efficiency of a well-regulated militia.'" *United States v. Johnson*, 497 F.2d 548, 550 (4th Cir. 1974) (per curiam) (quoting *United States v. Miller*, 307 U.S. 174, 177-78 (1939)); *see Love v. Pepersack*, 47 F.3d 120, 124 (4th Cir. 1995); *see also Lewis v. United States*, 445 U.S. 55, 65 n.8 (1980) (approvingly citing case holding that § 922(g) does not violate Second Amendment and noting that these legislative restrictions do not "trench upon any constitutionally protected liberties"); *United States v. Napier*, 233 F.3d 394, 402-04 (6th Cir. 2000) (concluding that § 922(g) does not violate the Second Amendment, which is a collective right); *United States v. Chavez*, 204 F.3d 1305, 1313 n.5 (11th Cir. 2000) (same). Smith has not demonstrated how his conviction under § 922(g) interferes with the maintenance of a well-regulated militia. *Love*, 47 F.3d at 124. Accordingly, we conclude that Smith's conviction does not offend the Second Amendment.

Smith also argues that Congress exceeded its authority under the Commerce Clause in enacting § 922(g), relying upon *United States v. Lopez*, 514 U.S. 549, 567-68 (1995) (invalidating 18 U.S.C.A. § 922(q)(1)(A) (West 2000)), and *United States v. Morrison*, 529 U.S. 598 (2000) (invalidating the Violence Against Women Act, 42 U.S.C.A. § 13981 ( West 1995)), in suggesting that § 924(g) is merely a criminal statute that has nothing to do with interstate commerce. However, unlike the statutes at issue in *Lopez* and *Morrison*, § 922(g) contains a specific jurisdictional requirement that the possession be in or affecting interstate commerce. 18 U.S.C.A. § 922(g). These jurisdictional requirements led this Court to find that § 922(g) is constitutionally sound. *United States v. Nathan*, 202 F.3d 230, 234 (4th Cir.), *cert. denied*, 529 U.S. 1123 (2000); *United States v. Bostic*, 168 F.3d 718, 722-24 (4th Cir.), *cert. denied*, 527 U.S. 1029 (1999); *United*

*States v. Wells*, 98 F.3d 808, 810-11 (4th Cir. 1996). Moreover, this Court recently held that *Morrison* does not affect its decisions regarding the constitutionality of § 922(g). *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001). Given this Court's position that neither *Lopez* nor *Morrison* affects the constitutionality of § 922(g), we find that Smith's argument is without merit.

Finally, Smith asserts that, because five of his six prior burglary convictions do not involve burglary of residential dwellings, he does not qualify for an enhanced penalty under the Armed Career Criminal Act, 18 U.S.C.A. § 924(e)(2)(B) (West 2000). In *Tayor v. United States*, 495 U.S. 575 (1990), the Supreme Court held that for purposes of the Armed Career Criminal Act, burglary includes two essential elements: "[(1)] unlawful or unprivileged entry into, or remaining in, a building or other structure, [(2)] with intent to commit a crime." *Id.* at 598. Because all six of Smith's burglary convictions meet this definition, we find that the district court properly applied the § 924(e) enhancement.

For these reasons, we affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*