**Douglas J. GORLEY, Petitioner–Appellant,**

v.

**George E. SNYDER, Respondent–Appellee.**

No. 99–6650.

United States Court of Appeals, Sixth Circuit.

Nov. 2, 2001.

Before MERRITT, NELSON, and BATCHELDER, Circuit Judges.

*ORDER*

Douglas J. Gorley, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

In March 1996, Gorley pleaded guilty in the United States District Court for the Eastern District of Tennessee, to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Gorley was sentenced to 110 months of imprisonment. The Sixth Circuit affirmed his conviction and sentence on appeal. In December 1998, Gorley filed a motion to vacate his sentence under 28 U.S.C. § 2255, which is still pending in the district court.

In his current § 2241 habeas corpus petition filed in July 1999, Gorley claimed that: (1) his § 922(g)(1) conviction violates his fundamental right to bear arms under the Second Amendment; and (2) § 922(g)(1) lacks an adequate nexus with interstate commerce. The district court dismissed the petition because Gorley was improperly seeking to challenge the imposition of his sentence under § 2241. Gorley has filed a timely appeal from this judgment. The government was not served with the petition in the district

court, and hence it was not requested to file an appellate brief.

We render de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Gorley's petition.

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act. *See id.* at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles*, the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *accord Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000); *United States v. Barrett*, 178 F.3d 34, 52–53 (1st Cir.1999), *cert. denied*, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Gorley has not met his burden to prove that his § 2255 remedy is inadequate or ineffective for several reasons. First, even if the actual innocence standard were applicable to this case, Gorley does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crime. Gorley has also had multiple opportunities to challenge his conviction and sentence on his asserted grounds.

■ Second, Gorley's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles*, the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner may be denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756–58; *accord United States v. Lurie*, 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles*, 180 F.3d at 758.

Gorley's claims are without merit in any event. Gorley's § 922(g)(1) conviction does not violate his Second Amendment right to bear arms, *see Love v. Pepersack*, 47 F.3d 120, 123–24 (4th Cir.1995), and § 922(g)(1) possesses an adequate nexus to interstate commerce. *See United States v. Chesney*, 86 F.3d 564, 568–69 (6th Cir. 1996).

Accordingly, we affirm the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.