UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                          No. 00-4837

EVERETT HAGER,
                    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                          No. 01-4117

BOBBY WAYNE HAGER,
                    *Defendant-Appellant.*

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Robert C. Chambers, District Judge.
(CR-00-6)

Submitted: September 25, 2001

Decided: November 14, 2001

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael R. Cline, MICHAEL R. CLINE LAW OFFICES, Charleston,
West Virginia, for Appellant Everett Hager; David O. Schles,

STOWERS & ASSOCIATES, Charleston, West Virginia, for Appellant Bobby Wayne Hager. Charles T. Miller, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Following a jury trial, Bobby Wayne Hager and his brother, Everett Hager, were convicted on several counts of firearms and drug trafficking violations. The Hager brothers appeal, raising several claims. We find no merit to the appeals; consequently, we affirm the convictions.

On September 1, 1999, members of the West Virginia State Police Special Response Team ("SRT") and other law enforcement officers entered a heavily-wooded area where the Hager brothers were reportedly trespassing. They arrested Bobby Wayne as he traveled through the area on an all-terrain vehicle. He tried unsuccessfully to grab a handgun in his side holster to avoid arrest. While he was being handcuffed, he shouted, "Everett, they're coming to get you. Everett, they're coming to get you." Shortly thereafter, the SRT arrested Everett, but not before he fired rounds from a machine gun at them.

Police found evidence of marijuana cultivation. There was a marijuana plant drying on the center console of Bobby Wayne's van and four packages of marijuana seeds in his house. It was the latter part of the marijuana growing season and, although officers found no areas with a large number of growing marijuana plants, they identified two areas in the vicinity of the campsites where the Hager brothers were arrested as marijuana patches. They concluded that these areas were marijuana patches because, in addition to four marijuana

plants found in the first patch, the sites were clear cut and tilled, and three potting soil pots containing small quantities of potting soil, as well as a small shovel, were found at the second patch.

A grand jury indicted the Hager brothers in a superceding indictment that charged each brother with unlawful possession of a machine gun, in violation of 18 U.S.C.A. §§ 922(o)(1) and 924(a)(2) (West 2000) (Count One), and manufacturing and aiding and abetting the manufacture of marijuana, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999) and 18 U.S.C. § 2 (1994) (Count Two). The indictment also charged Everett with using, carrying, and possessing a machine gun in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A), (B)(ii) (West 2000) (Count Three), and Bobby Wayne with using, carrying, and possessing firearms in furtherance of a drug trafficking crime, in violation of 28 U.S.C.A. § 924(c)(1)(A) (Count Four). A jury convicted the brothers on all counts.

The Hagers first argue that their convictions under 18 U.S.C.A. §§ 922 and 924 are invalid because these provisions violate their Second Amendment right to bear arms. We previously have held that the Second Amendment does not create an absolute individual right to bear arms, but "only confers a collective right of keeping and bearing arms which must bear a 'reasonable relationship to the preservation or efficiency of a well regulated militia.'" *Love v. Pepersack*, 47 F.3d 120, 124 (4th Cir. 1995) (quoting *United States v. Miller*, 307 U.S. 174, 178 (1939)). To the extent that the Hagers argue that their firearms convictions violate the Second Amendment because they possessed their firearms in relation to their private militia activities, we need not address this claim. The Hagers successfully sought in the trial court the exclusion of any evidence of their membership in a militia or anti-government organization and, having excluded use of this evidence against them, they may not now hold up such evidence as a shield against their firearms convictions.

Next, Bobby Wayne argues that the evidence was insufficient to convict him on Count One concerning possession of a machine gun.*

---

*The statement of issues asserts that the evidence was insufficient to support any of the counts on which the Hager brothers were convicted.

Evidence presented at trial showed that Bobby Wayne had purchased a machine gun matching the description of the weapon fired by Everett on the day of their arrests. The thirty-round magazine found in the machine gun matched the magazine described in a document found in Bobby Wayne's wallet. Bobby Wayne clearly knew his brother was close by and Everett fired the machine gun shortly after Bobby Wayne shouted a warning to him. Under the facts of this case, we find the evidence sufficient for the jury to find that Bobby Wayne had constructive possession of the machine gun. *See United States v. Gravenmeir*, 121 F.3d 526, 528 (9th Cir. 1997) (discussing elements of § 922(o) violation); *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (discussing constructive possession).

Bobby Wayne also asserts that the evidence was insufficient to support his conviction on Count Two, concerning manufacturing and aiding and abetting the manufacture of marijuana. In light of the cleared patches of ground in the heavily wooded area occupied by the Hagers, one of which contained a few growing marijuana plants, marijuana found in Bobby Wayne's van and home, the shovel and evidence of potting soil found at one of the sites, and testimony that Bobby Wayne discussed growing marijuana with his nephew and showed him one of the marijuana patches, we find that the evidence is sufficient to support Bobby Wayne's conviction on Count Two. *See United States v. Nelson*, 6 F.3d 1049, 1053 (4th Cir. 1993) (discussing elements of § 841(a) violation).

The Hagers also argue that the evidence was insufficient to support their convictions under 21 U.S.C.A. § 924(c). Everett fired a machine gun and Bobby Wayne was wearing a side holster with a handgun and attempted to draw the weapon when they were arrested. They were arrested in the vicinity of the marijuana patches. We find this evidence sufficient to support their § 924(c) convictions. *See United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997) (discussing elements of § 924(c) violation).

However, because Everett does not argue in the body of the brief that the evidence was insufficient to convict him on Count One or Count Two, we find that he has abandoned these issues. *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Finally, Bobby Wayne argues that he was denied a fair trial because the district court refused to sever his trial from that of his brother. We find that the district court did not abuse its discretion by denying the motion to sever and instead instructing the jury not to consider as evidence against Bobby Wayne testimony that Everett arranged for an assault against a witness. *Zafiro v. United States*, 506 U.S. 534, 538 (1993). Further, we find that Bobby Wayne failed to justify severance by showing a genuine need for his brother's testimony. *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995).

For these reasons, we affirm Everett Hager's and Bobby Wayne Hager's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*