**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4625**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCISCO ROMERO-PINA, a/k/a Don Beto,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  William L. Osteen, District Judge.  (CR-04-210)

Submitted:  January 11, 2006      Decided:  February 2, 2006

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, David A. Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Francisco Romero-Pina of possession of a firearm by a prohibited person, immigration fraud, and identification document fraud, in violation of 18 U.S.C. §§ 922(g)(5), 1546(a), and 1028(a)(1), respectively.[1] The district court sentenced Romero-Pina to a term of 42 months of imprisonment to be followed by a two-year term of supervised release. Romero-Pina now appeals his conviction on several grounds. Finding no error, we affirm.

Romero-Pina first argues that the district court erred by denying his suppression motion. Specifically, Romero-Pina sought to suppress (1) evidence obtained during a search of the apartment in which he and his friend resided, and (2) certain statements he made to law enforcement. Following a suppression hearing, a magistrate judge found that Romero-Pina and his friend voluntarily consented to the search of their apartment. The magistrate judge further found that Romero-Pina's statements were "probably" made during a non-custodial interview, and they were in any event made after he had knowingly and voluntarily waived his <u>Miranda</u> rights. On de novo review, the district court overruled Romero-Pina's objections and sustained these findings.[2] In considering this

_____

[1]The latter two crimes also included aiding and abetting charges under 18 U.S.C. § 2.

[2]Romero-Pina also argues that the district court erred by not requiring the government at the suppression hearing to establish

2

issue, we review the district court's factual findings for clear error, viewing the evidence in the light most favorable to the government, and we review the district court's legal conclusions de novo. See United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). Applying these standards, we find that the district court did not err by denying the suppression motion.[3]

Romero-Pina next argues that the district court erred by denying his motion to enforce an alleged agreement made by a law enforcement agent not to prosecute him. Romero-Pina bore the burden of proving that such an agreement existed and that it was binding on the government. See United States v. Martin, 25 F.3d 211, 217 (4th Cir. 1994) (noting burden of proof concerning plea agreements). We review the district court's factual determinations concerning the existence and scope of an alleged immunity agreement under a clearly erroneous standard, and its application of the law

---

beyond a reasonable doubt that he consented to the search of the apartment and that his statements were voluntarily made. We find this argument to be meritless. See generally United States v. Matlock, 415 U.S. 164, 177 n.14 (1974) (noting that "the controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence").

[3]Romero-Pina also argues, alternatively, that the district court erred under Fed. R. Evid. 403 by admitting this evidence at trial because it is more prejudicial than probative. We find this argument to be completely without merit. See generally United States v. Love, 134 F.3d 595, 603 (4th Cir. 1998) (noting that under our "broadly deferential standard" of review, we will not upset a district court's Rule 403 decision "except under the most extraordinary of circumstances" (citation and internal punctuation omitted)).

de novo.  See id.  Having carefully reviewed the record, we find that the district court did not err in denying this motion.

Romero-Pina also argues that the district court erred by denying his Second Amendment challenge to § 922(g)(5).  We have reviewed this constitutional issue de novo, see United States v. Bostic, 168 F.3d 718, 721 (4th Cir. 1999), and find that Romero-Pina's argument is foreclosed by our decision in United States v. Johnson, 497 F.2d 548, 550 (4th Cir. 1974), in which we rejected a similar Second Amendment challenge to § 922(g).

Finally, Romero-Pina argues that the district court erred by declining to give his proposed jury instruction concerning the interstate commerce element for the § 922(g)(5) charge.  We review de novo the correctness of jury charges regarding the elements of an offense.  United States v. Horton, 321 F.3d 476, 479 (4th Cir. 2003).  Because the district court's instruction properly comports with our circuit precedent, see, e.g., United States v. Quarles, 330 F.3d 650, 651 n.1 (4th Cir. 2003) (rejecting a similar argument),[4] we find that the district court did not err by declining to give Romero-Pina's requested instruction.

---

[4]For the same reason, we also reject Romero-Pina's contention that the evidence concerning the interstate commerce element is insufficient to sustain the verdict on the § 922(g)(5) charge.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED